# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DEBBIE SWETEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | NO. CIV-16-212-HE |
| | ) | |
| AT&T, INC. and/or AT&T SERVICES, | ) | |
| INC.; FMR LLC and/or FIDELITY | ) | |
| SERVICE CENTER; FIDELITY | ) | |
| WORKPLACE SERVICES, LLC; and THE | ) | |
| AT&T PENSION BENEFIT PLAN | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

In this case, plaintiff Debbie Sweten seeks judicial review of defendants' denial of her claim for benefits under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"). The background of this dispute and the nature of plaintiff's claims are described more fully in the court's September 16, 2016, order [Doc. #31] and will not be repeated here. Presently before the court are plaintiff's motion for discovery and motion to supplement the record, both of which are at issue.

The motion for discovery seeks to pursue information as to the nature of AT&T Inc.'s conflict of interest as Plan Administrator and plan sponsor and the seriousness of that conflict. It specifically seeks discovery into which of defendants' employees played a role in the handling of her claim, any conflicts those employees might have, and past instances where AT&T was found to operate under a conflict of interest.

As a general proposition, the scope of judicial review of an administrator's decision regarding benefits under as ERISA plan is limited to the record—"the materials compiled by the administrator in the course of making his decision." Hall v. Unum Life Ins. Co. of America, 300 F.3d 1197, 1201 (10th Cir. 2002). While dual role conflicts of interest can, in some circumstances, justify a departure from that general rule, no such circumstances are apparent here. It appears to be undisputed that defendant AT&T Inc. is both the Plan Administrator and the entity with responsibility for funding it. As such, it plainly has a financial interest in the outcome of the case and its dual role no doubt constitutes a direct or "serious" conflict within the meaning of the cases addressing that issue. *See* Murphy v. Deloitte & Touche Grp. Ins. Plan, 619 F.3d 1151, 1157 (10th Cir. 2010) ("If an administrator operates under a dual role conflict of interest, the district court must always weigh the conflict of interest in its abuse of discretion analysis, but it must allocate the conflict more or less weight depending on the seriousness"). The parties may dispute the significance of the conflict in this case, but the court can discern no reason to permit discovery as to the fact or nature of the conflict when the essential facts are not disputed.

Plaintiff's motion to supplement the record seeks leave to offer expert testimony directed to the accounting issues and to other matters never presented to the plan administrator in the first instance. In effect, plaintiff seeks to start over and build a new record here. That is inconsistent with the nature of the review applied in an ERISA case, and the circumstances here do not warrant an exception. Hall, *supra*.

The motions for discovery [Doc. #32] and to supplement the record [Doc. #33] are

**DENIED**.

**IT IS SO ORDERED**

Dated this 23rd day of November, 2016.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE